DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:     ANTHONY J. SUN
          Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2810
Fax: (212) 637-2786
anthony.sun@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT THE NEW YORK UNIVERSITY SCHOOL OF LAW, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendants. | 22 Civ. 7038 (CM) <br><br> **ANSWER** |

Defendants United States Department of Homeland Security ("DHS") and United States

Immigration and Customs Enforcement ("ICE") (collectively, "Defendants"), by their attorney,

Damian Williams, United States Attorney for the Southern District of New York, answers the

amended complaint filed September 15, 2022, by plaintiff Brennan Center for Justice at the New

York University School of Law ("Plaintiff"), upon information and belief as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1 of the amended complaint.

2.      Admit that Plaintiff submitted a FOIA request dated December 7, 2021, to the DHS Privacy Office ("DHS PRIV"), ICE, and U.S. Customs and Border Protection, and respectfully refer the Court to the referenced document for its true and complete contents.

3.      Paragraph 3 of the amended complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited document for its true and complete contents.

4.      Paragraph 4 of the amended complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited documents for their true and complete contents.

5.      Paragraph 5 of the amended complaint consists of legal conclusions to which no response is required.

6.      Deny the allegations in the first sentence of paragraph 6 of the amended complaint. With respect to the allegations in the second sentence of paragraph 6 of the amended complaint, admit that ICE has not issued a final determination in response to Plaintiff's request, and aver that ICE is gathering materials and preparing a response. With respect to the allegations in the third sentence of paragraph 6 of the amended complaint, deny that DHS did not conduct any searches, avers that DHS PRIV reviewed the request, determined that the Office of Intelligence & Analysis ("I & A") was the component most likely to possess responsive records, if any, and transferred the request to I & A pursuant to 6 C.F.R. § 5.3(a)(2), and admits that I &

2

A closed the request and denied the administrative appeal, stating it did not possess responsive records.

7.     Defendants admit that ICE has not yet produced any non-exempt, responsive records in response to the FOIA request, and aver that I & A, to whom the request to DHS PRIV was transferred, does not possess responsive records.

8.     Paragraph 8 of the amended complaint consists of a characterization of the action to which no response is required.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the amended complaint.

10.     Admit the first and second sentences of paragraph 10 of the amended complaint. With respect to the third sentence of paragraph 10 of the amended complaint, Defendants admit that ICE is a component of DHS charged, in part, with enforcing U.S. immigration law. With respect to the fourth sentence of paragraph 10 of the amended complaint, Defendants further admit that DHS and ICE may have possession of records responsive to the Plaintiff's FOIA request, should any records exist, and deny any remaining allegations in paragraph 10.

11.     Paragraph 11 of the amended complaint consists of legal conclusions to which no response is required.

12.     Paragraph 12 of the amended complaint consists of legal conclusions to which no response is required.

13.     Paragraph 13 of the amended complaint consists of legal conclusions to which no response is required.

14.     Paragraph 14 of the amended complaint consists of legal conclusions to which no response is required.

15.     Paragraph 15 of the amended complaint consists of legal conclusions to which no response is required.

16.     Paragraph 16 of the amended complaint consists of legal conclusions to which no response is required.

17.     Paragraph 17 of the amended complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

18.     Paragraph 18 of the amended complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

19.     Paragraph 19 of the amended complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required, and respectfully refer the Court to the cited judicial opinion for its true and complete contents.

20.     Paragraph 20 of the amended complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited documents for their true and complete contents.

21.     Paragraph 21 of the amended complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited documents for their true and complete contents.

22.     Paragraph 22 of the amended complaint consists of a characterization of the action to which no response is required.

23.     Admit that Plaintiff submitted a FOIA request dated December 7, 2021, to DHS PRIV, ICE, and U.S. Customs and Border Protection, and respectfully refer the Court to the referenced document for its true and complete contents.

24.     Admit the allegations in paragraph 24 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

25.     Admit the allegations in paragraph 25 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

26.     Admit the allegations in paragraph 26 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

27.     Admit the allegations in paragraph 27 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

28.     Admit the allegations in paragraph 28 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

29.     Admit the allegations in paragraph 29 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

30.     Admit only that DHS PRIV wrote to Plaintiff on December 9, 2021, deny that DHS did not conduct any searches, avers that DHS PRIV reviewed the request, determined that the I & A was the component most likely to possess responsive records, if any, and transferred the request to I & A pursuant to 6 C.F.R. § 5.3(a)(2), admit that Plaintiff submitted its request to I & A, but deny knowledge that I & A was already aware of the request or received the request

on December 7, 2021, and respectfully refer the Court to the referenced documents for their true and complete contents.

31.   Admit only that Exhibit E to the complaint is an email dated December 7, 2021, from palhelpdesk@hq.dhs.gov regarding request number 2022-IAFO-00037, but deny that I & A acknowledged receipt of that request, deny the remainder of the allegations in paragraph 31 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

32.   Admit the allegations in paragraph 32 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

33.   Admit the allegations in paragraph 33 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

34.   Admit the allegations in paragraph 34 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

35.   Admit the allegations in the first sentence of paragraph 35 of the amended complaint. Admit that DHS PRIV received an appeal from Plaintiff dated April 19, 2022, but deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence of paragraph 35, and respectfully refer the Court to the referenced document for its true and complete contents.

36.   Admit the allegations in paragraph 36 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

37.   Admit the allegations in paragraph 37 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

38.     Admit that I & A sent a letter dated August 2, 2022, by email to Mary P. Dwyer, but deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 38 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

39.     Admit the allegations in paragraph 39 of the amended complaint, and respectfully refer the Court to the referenced documents for their true and complete contents.

40.     Paragraph 40 of the amended complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations.

41.     Paragraph 41 of the amended complaint consists of legal conclusions to which no response is required.

42.     Admit the allegations in paragraph 42 of the amended complaint, and respectfully refer the Court to the referenced documents for their true and complete contents.

43.     Admit that ICE received an email from Plaintiff dated January 12, 2022, but deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 43 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

44.     Admit that ICE acknowledged the Request on January 13, 2022, and invoked a ten-day extension to respond, but deny the remainder of the allegations in paragraph 44 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

45.     Admit the allegations in paragraph 45 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

46.     Admit the allegations in the first sentence of paragraph 46 of the amended complaint. Admit that ICE received an appeal from Plaintiff dated April 19, 2022, but deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence of paragraph 46, and respectfully refer the Court to the referenced document for its true and complete contents.

47.     Admit the allegations in paragraph 47 of the amended complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

48.     Admit that ICE emailed Plaintiff on June 2, 2022, and respectfully refer the Court to the referenced document for its true and complete contents.

49.     Admit that ICE emailed Plaintiff on July 12, 2022, and respectfully refer the Court to the referenced document for its true and complete contents.

50.     Admit that ICE has not yet issued a final response to the appeal.

51.     Admit that ICE has not yet provided responsive records to Plaintiff, but deny the remainder of the allegations in paragraph 51 of the amended complaint.

52.     The first clause of paragraph 52 of the amended complaint is a legal conclusion to which no response is required. Admit that ICE has not yet provided responsive records to Plaintiff, but deny the remainder of the allegations in paragraph 52.

53.     Paragraph 53 of the amended complaint consists of legal conclusions to which no response is required.

54.     Defendants incorporate the above paragraphs as if set forth fully herein.

55.     Paragraph 55 of the amended complaint consists of legal conclusions to which no response is required.

56.     Paragraph 56 of the amended complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations.

57.     Paragraph 57 of the amended complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations.

58.     Paragraph 58 of the amended complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations.

59.     Paragraph 59 of the amended complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations.

60.     Paragraph 60 of the amended complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations.

61.     Paragraph 61 of the amended complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations.

PRAYER FOR RELIEF

62.     The unnumbered paragraph beginning with "WHEREFORE" on page 13 of the complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed necessary, denies that Plaintiff is entitled to the requested relief or any relief.

DEFENSES

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff failed to exhaust its administrative remedies prior to filing this action.

9

## THIRD DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552(b).

## FOURTH DEFENSE

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority.

## FIFTH DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

## SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief, 5 U.S.C. § 552(a)(4)(B).

## SEVENTH DEFENSE

Some or all of the relief sought by Plaintiff is barred by the Privacy Act, 5 U.S.C. § 552a.

## EIGHTH DEFENSE

To the extent that Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist, Defendants should be allowed additional time to process the request. 5 U.S.C. § 552(a)(6)(C).

## NINTH DEFENSE

Defendants assert that they have, or may have, additional affirmative defenses which are not known to Defendants at this time, but which may be ascertained during litigation. Defendants specifically preserve these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

WHEREFORE, Defendants respectfully request this Court to dismiss the amended complaint with prejudice, enter judgment in favor of Defendants, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: New York, New York
October 21, 2022

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:  s/ Anthony J. Sun
ANTHONY J. SUN
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York  10007
(212) 637-2810
anthony.sun@usdoj.gov

To:  Nimra H. Azmi (by ECF)
Thomas R. Burke
*Attorneys for Plaintiff*